# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MARCUS ARNOLD;<br>DERICK FREEMAN; and<br>VICTOR COLEMAN<br><br>　　Plaintiffs,<br><br>vs.<br><br>COMMERCIAL FURNITURE<br>SERVICES, LLC;<br>JIM MCMENIMEN; and<br>CRAIG GOOKIN,<br><br>　　Defendants. | CIV. ACTION NO. 1:20-cv-03252<br><br>The Honorable William M. Ray, II<br><br>**JURY TRIAL DEMANDED** |

## JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT AGREEMENT

COME NOW Plaintiffs Marcus Arnold ("Arnold"), Derick Freeman ("Freeman"), and Victor Coleman ("Coleman"), as well as Defendants Commercial Furniture Services, LLC, Jim McMenimen, and Craig Gookin, by and through their undersigned counsel, and jointly move the Court to approve the Parties' Confidential Settlement Agreement and General Release ("Settlement Agreement") pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq.*, ("FLSA") and Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir.

Page 1 of 12
Arnold, *et al.*, Commercial Furniture Services, LLC, *et al.*, Civ. Action No. 1:20-cv-03252
Joint Motion for Approval of FLSA Agreement

1982). Specifically, the Court should approve the Settlement Agreement because the $63,000.00 settlement amount represents a reasonable compromise of the *bona fide* dispute related to the claims asserted in this matter, including the FLSA claim.[1] For the reasons stated herein, the Parties respectfully request that the Court approve the Settlement Agreement and administratively close this matter pending approval and performance of the agreement.

## I. BACKGROUND

1.

Plaintiffs commenced the above-captioned case pursuant to, *inter alia*, the FLSA for unpaid overtime wages and retaliation.

2.

Defendants contended, *inter alia*, that Plaintiffs were not employees of CFS, and thus were not entitled to 1.5 times pay for hours worked over 40, and, as a result, Plaintiffs were paid all compensation they were owed.

---

[1] Additionally, the Parties separately negotiated the resolution of the other asserted claims without regard to the FLSA Agreement.

Page 2 of 12
Arnold, *et al.*, Commercial Furniture Services, LLC, *et al.*, Civ. Action No. 1:20-cv-03252
Joint Motion for Approval of FLSA Agreement

3.

Based upon the Parties' relative positions and the evidence obtained during discovery, there is a *bona fide* dispute concerning whether Plaintiffs are entitled to any damages or relief pursuant to, *inter alia*, the FLSA.

4.

Despite the *bona fide* dispute, during the discovery period, the Parties agreed that it was in the Parties' best interest to negotiate settlement to avoid the uncertainty, time, and expense associated with continued litigation.  Based upon the known facts and legal issues, the Parties commenced settlement negotiations and, through the Parties' respective counsel, the Parties reached an arm's length agreement to resolve, *inter alia*, the FLSA claims, as reflected in the Settlement Agreement, attached hereto as Exhibit "A."  In the opinion of counsel, the Settlement Agreement represents a reasonable compromise of all claims, including the FLSA claim, and defenses raised in this litigation.

5.

As set forth in the Settlement Agreement, Plaintiffs will receive the gross amount $63,000.00, including $37,800 for the dismissal of the asserted claims and

Page 3 of 12
Arnold, *et al.*, Commercial Furniture Services, LLC, *et al.*, Civ. Action No. 1:20-cv-03252
Joint Motion for Approval of FLSA Agreement

$25,200 in attorneys' fees and costs.[2] Plaintiffs contend that, during the course of their respective employments, Plaintiffs worked up to and exceeding eighty (80) hours in given workweeks without being paid overtime wages. Defendants dispute Plaintiffs were entitled to overtime wages because they were independent contractors. The Parties also dispute whether the evidence produced during discovery support Plaintiffs' claim for liquidated damages. Given the disputed facts at issue in the case, the Parties agree that the settlement amount is a fair compromise of, *inter alia*, time that Plaintiffs contend that Plaintiffs spent working without overtime compensation, which Defendant deny knowledge.

## II. ARGUMENT AND CITATION TO AUTHORITY

Pursuant to the authority regarding settlement of FLSA claims, there are two ways in which claims under the FLSA can be settled and released by employees. First, section 216(c) of the FLSA allows employees to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. See 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1353 (11th Cir. 1982). Second, in the context

---

[2] Specifically, Arnold will receive $13,800.00, Freeman will receive $18,000.00, and Coleman will receive $6,000.00.

Page 4 of 12
Arnold, *et al.*, Commercial Furniture Services, LLC, *et al.*, Civ. Action No. 1:20-cv-03252
Joint Motion for Approval of FLSA Agreement

of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, like the above-captioned case, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement and the district court enters a stipulated judgment approving the fairness of the settlement. Id.; see also D.A. Schulte, Inc., v. Gangi, 328 U.S. 108, 66 S. Ct. 925, 928 n. 8, 90 L. Ed. 1114 (1946). In this regard, the Eleventh Circuit has stated as follows:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the District Court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Lynn's Food Stores, Inc., 679 F.2d at 1354. When determining whether a settlement is fair and reasonable, courts consider the following factors: (1) the existence of fraud or collusion; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the

Page 5 of 12
Arnold, et al., Commercial Furniture Services, LLC, et al., Civ. Action No. 1:20-cv-03252
Joint Motion for Approval of FLSA Agreement

range of possible recovery; and (6) the opinions of the counsel. <u>Leverso v. S. Trust Bank of Ala., Nat'l Assoc.</u>, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994); <u>Carmen Martinez v. Excel Hosp., LLC</u>, No. 1:16-CV-1493-WSD, 2017 WL 359818, at *2 (N.D. Ga. Jan. 24, 2017); <u>Howard v. Peachtree Serv. Experts, LLC</u>, No. 1:09-CV-0935-WSD, 2009 WL 10671044, at *2 (N.D. Ga. Aug. 13, 2009).  Public policy favors finding a settlement to be fair.  <u>Cotton v. Hinton</u>, 559 F.2d 1326, 1331 (5th Cir. 1977); <u>see also</u> <u>Carmen</u>, 2017 WL 359818, at *2; <u>Howard</u>, 2009 WL 10671044, at *2.  Because the Parties have reached a reasonable compromise of the *bona fide* FLSA dispute and all the relevant criteria favor final approval, the Court should approve the FLSA Agreement.

Here, the Parties were represented by experienced employment counsel who are well-versed in FLSA litigation.  As discussed in <u>Helms</u>, counsel are obligated to vigorously defend their clients' rights, and have done so in this matter.  As the Settlement Agreement was the result of arms-length negotiations and counsel concur that the settlement is fair and reasonable under the circumstances, there has been no fraud or collusion.  Moreover, the separately-negotiated attorneys' fees and costs is sufficient to establish the reasonableness of the fees and that the recovery was not adversely affected by the amount of fees paid to his counsel.  <u>Hicks v. Vortex Marine Constr., Inc.</u>, No. 616CV1226ORL41TBS, 2017 WL 2664362, at *3 (M.D. Fla. June

Page 6 of 12
<u>Arnold, *et al.*, Commercial Furniture Services, LLC, *et al.*</u>, Civ. Action No. 1:20-cv-03252
Joint Motion for Approval of FLSA Agreement

7, 2017), *report and recommendation adopted*, No. 616CV1226ORL41TBS, 2017 WL 2655127 (M.D. Fla. June 19, 2017); see also Silva v. Miller, 307 F. Appx. 349, 351 (11th Cir. 2009) ("FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."); Cantrell v. Bryan Cnty. Bd. of Educ. & Am. United Life Ins. Co., No. CV415-169, 2015 WL 10057707, at *2 (S.D. Ga. Dec. 21, 2015).

Second, the complexity, expense, and likely duration of the litigation also favor approval of the Settlement Agreement. Determining liability in this matter involving multiple different claims asserted by different Plaintiffs spanning years of employment would involve a complex, fact-intensive analysis. Should liability be determined in Plaintiffs' favor, calculation of damages would also be a lengthy and complex process. The range of possible recovery would depend on a number of disputed factors, including, but not limited to, how many overtime hours Plaintiffs actually worked during any given week, the frequency with which Plaintiffs' hours were in excess of 40 hours per week, whether Plaintiffs were employees or independent contractors, and whether liquidated damages would attach to any back wage allocation.

Page 7 of 12
Arnold, *et al.*, Commercial Furniture Services, LLC, *et al.*, Civ. Action No. 1:20-cv-03252
Joint Motion for Approval of FLSA Agreement

Third, the procedural posture favors approval of the Settlement Agreement, which was negotiated prior to trial. Before Defendants were required to move for summary judgment, the Parties negotiated the Settlement Agreement. Moreover, this matter has not been scheduled for trial and the Parties have not incurred additional expenses related to trial. Simply put, based upon the procedural posture, the Court should approve the Settlement Agreement.

Fourth, the probability of success on the merits also supports approval of the Settlement Agreement. In this regard, there exists a *bona fide* dispute concerning the merits of the claims and defenses, including, but not limited to, whether Plaintiffs were employees or independent contractors, whether Plaintiffs were paid for all overtime hours worked, whether Defendants knew (or should have known) about Plaintiffs unpaid overtime, the number of hours Plaintiffs worked, whether liquidated damages are appropriate, and whether a two- or three-year statute of limitations applies to Plaintiffs' claims. Nevertheless, in a good faith attempt to avoid unnecessary expenses associated with continued litigation, the Parties resolved this matter through arm's length negotiations without substantial expense. Continued litigation would be costly. As such, the Settlement Agreement is advantageous for all Parties to minimize future litigation risk and costs associated with motion practice, trial, and appellate practice. Moreover, counsel have

Page 8 of 12
Arnold, *et al.*, Commercial Furniture Services, LLC, *et al.*, Civ. Action No. 1:20-cv-03252
Joint Motion for Approval of FLSA Agreement

exchanged sufficient information to allow the Parties to reach an informed, reasonable compromise. In this regard, the Parties produced documents during discovery, including, but not limited to, earnings statements. Resolving the case at this stage also benefits the Parties, who have been spared the time, expense, and uncertainty of motion practice and trial. All of the undersigned counsel are of the opinion that the proposed settlement is a fair and reasonable resolution of Plaintiffs' claims.

Finally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." Silva v. Miller, 307 F. App'x 349, 351 (11th Cir. 2009). In this regard, the fee to be paid to Plaintiffs' Counsel is reasonable in light of the work required through this stage of the proceedings. As evidenced by the record, Plaintiffs' Counsel conducted pre-suit investigations and communications, drafted and filed multiple complaints and other required filings, participated in multiple Federal Rule 26(f) conferences, engaged in extensive written discovery, effectuated the consolidation of cases, as well as negotiating and effectuating this settlement. Thus, the Parties submit that the fee amount is fair and reasonable given the actual time invested.

Page 9 of 12
Arnold, et al., Commercial Furniture Services, LLC, et al., Civ. Action No. 1:20-cv-03252
Joint Motion for Approval of FLSA Agreement

### III.  CONCLUSION

For the reasons asserted herein, the Parties jointly and respectfully request that the Court grant the instant motion, approve the Settlement Agreement, permit the Parties to file a joint stipulation of dismissal, and retain jurisdiction to enforce the Settlement Agreement.

A proposed order granting the relief requested herein is attached to this Motion as Exhibit "B."

Respectfully submitted, this 18th day of May, 2021.

| | |
|---|---|
| Regina S. Molden | /s/ Stephan Wright |
| Georgia Bar No. 515454 | Stephan Wright |
| T. Orlando Pearson | Georgia Bar No. 659849 |
| Georgia Bar No. 180406 | |
| | |
| MOLDEN & ASSOCIATES | LAW OFFICE OF STEPHAN WRIGHT |
| Peachtree Center – Harris Tower | |
| Suite 1245 | 2288 Gunbarrel Road, Suite 154 |
| 233 Peachtree Street, NE | Chattanooga, Tennessee 37421 |
| Atlanta, Georgia 30303 | Telephone:  423-826-6919 |
| (404) 324-4500 | Facsimile:   423-826-6929 |
| (404) 324-4501 (facsimile) | swright@stephanwright.com |
| rmolden@moldenlaw.com | |
| topearson@moldenlaw.com | *Attorneys for Defendants* |
| | |
| *Attorneys for Plaintiffs* | |

Page 10 of 12
Arnold, et al., Commercial Furniture Services, LLC, et al., Civ. Action No. 1:20-cv-03252
Joint Motion for Approval of FLSA Agreement

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| MARCUS ARNOLD; <br> DERICK FREEMAN; and <br> VICTOR COLEMAN <br><br> Plaintiffs, <br><br> vs. <br><br> COMMERCIAL FURNITURE <br> SERVICES, LLC, *et al.*, <br><br> Defendants. | CIV. ACTION NO. 1:20-cv-03252 <br><br> The Honorable William M. Ray, II <br><br> **JURY TRIAL DEMANDED** |

## LOCAL RULE AND SERVICE CERTIFICATION

The undersigned certifies that this **Joint Motion for Approval of FLSA Agreement** has been prepared with a font and point selections approved by the Court in Local Rules and that the foregoing has been filed with the Clerk using the CM/ECF system which will notify the attorney(s) of record.

Respectfully submitted, this 18th day of May, 2021.

Page 11 of 12
Arnold, *et al.*, Commercial Furniture Services, LLC, *et al.*, Civ. Action No. 1:20-cv-03252
Joint Motion for Approval of FLSA Agreement

MOLDEN & ASSOCIATES

_____
T. ORLANDO PEARSON
Georgia Bar No. 180406

Page 12 of 12
Arnold, et al., Commercial Furniture Services, LLC, et al., Civ. Action No. 1:20-cv-03252
Joint Motion for Approval of FLSA Agreement